**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LONDON
CRIMINAL ACTION NO. 11-36-GFVT-JGW-6
CIVIL ACTION NO. 13-7292-GFVT-JGW**

**UNITED STATES OF AMERICA**                                                   **PLAINTIFF**

**V.**

**ELISA ALSTON**                                                                                **DEFENDANT**

**REPORT AND RECOMMENDATION**

In July 2013, defendant Elisa Alston filed a *pro se* 28 U.S.C. §2255 motion to vacate or set aside her federal conviction and sentence based upon alleged ineffective assistance of counsel. Doc. 485. The United States filed its response in opposition. Doc. 523. Defendant has not filed a reply and the time allotted by the Court for her to do so has expired. Doc. 503. The §2255 motion is therefore ripe for adjudication. After considering the record and applicable law, the Court recommends that the motion be denied.

    **I.**     **Factual and Procedural History**

In July 2011, defendant was indicted for conspiracy to distribute oxycodone. Doc. 79. In November 2011, one week before her trial was scheduled to begin, defendant filed a motion for rearraignment. Doc. 198. Defendant and the United States entered into a plea agreement, doc. 356, whereby defendant agreed to plead guilty to the charge in the indictment and, among other matters, in return the United States Attorney for the Southern District of Florida agreed to not charge defendant for an incident whereby defendant "attempted to flee from agents of the Drug Enforcement

Administration." *Id.* at p. 3. Section seven of the plea agreement provided that defendant "waives the right to appeal and the right to attack collaterally the guilty plea and conviction." *Id.*

In January 2012, District Judge Van Tatenhove accepted defendant's guilty plea. Doc. 228. During that rearraignment hearing, defendant answered "[y]es, sir" both when asked if her attorney had explained to her the charges in the indictment and if she had had a sufficient amount of time to discuss the charges with her counsel. Doc. 512, p.14. Defendant yet again answered "[y]es, sir" when asked if she was satisfied with her counsel's representation. *Id.* Later during the rearraignment, the following relevant colloquy occurred:

> THE COURT: Did you get a chance to read it [the plea agreement] before you signed it?
> DEFENDANT ALSTON: Yes, sir.
> THE COURT: And did you understand all the provisions included in this plea agreement?
> DEFENDANT ALSTON: Yea, sir.
> THE COURT: Has anybody made any promises to you that are not included in the plea agreement?
> DEFENDANT ALSTON: No, sir.
> THE COURT: So nobody has said to you, "If you'll sign this plea agreement, I'm going to guarantee a particular sentence?"
> DEFENDANT ALSTON: No, sir.
> THE COURT: Anybody threaten you or coerce you to get you to sign it?
> DEFENDANT ALSTON: No, sir.
> THE COURT: You're signing it under your own free will and volition because you're guilty of the charge you're going to plead guilty to?
> DEFENDANT ALSTON: Yes, sir.
> ***
> THE COURT: Any questions from either of you about the plea agreements?
> ***
> DEFENDANT ALSTON: No, sir.

*Id.* at p. 18, 23. The Court also orally explained the waiver clause found in section seven of defendant's plea agreement, and defendant answered in the affirmative when asked if her counsel had explained the consequences of the waiver clause. *Id.* at p.31-32.

In August 2012, the Court approved the plea agreement [doc. 356] and sentenced defendant to 120 months' imprisonment (which was near the midway point of defendant's 108 to 135 month guideline range). Doc. 363, Doc. 513, p. 34, 42. Prior to imposing sentence, however, the Court asked defendant if she had had a sufficient amount of time to review her presentence investigation report (PSR) with her attorney, to which defendant answered "[y]es, Your Honor." Doc. 513 at p.3. Defendant gave the same answer when asked by the Court if she was satisfied with her counsel's representation. *Id.*

Defendant timely filed the pending §2255 motion in July 2013. Doc. 485. The four interrelated issues in the motion all are based on alleged ineffectiveness of counsel. First, defendant contends counsel was ineffective "because he pushed [defendant] into a plea without proper investigation." *Id.* at p.4 (capitalization omitted).[1] The supporting argument is, in its entirety: "the attorney failed to investigate potential defenses as the drugs in question were not supplied by the defendant and the amounts were not correct or verified." *Id.*

Defendant next contends counsel "was ineffective because he pressured defendant to plead guilty." *Id.* at p.5. The supporting argument is, in its entirety: "the

---

1 The handwritten §2255 motion is written in capital letters. The Court will omit the non-standard

attorney advised me to plead guilty to 10 (ten) years because the next plea offer would be 18 (eighteen) years.  He explained that plea offers are not negotiated you take what is offered and that[']s it.  So he refused to try to get anything better or relay my concerns to the government." *Id.*

Defendant's third argument is that counsel was ineffective "because the attorney did not consult with defendant timely." *Id.* at p.7.  The entirety of the supporting argument is: "the attorney did not spend time explaining the case or the plea offer.  Since I did not readily comprehend matters, he did not take time to explain them.  I did not understand the plea or the rights I gave up.  I did not understand how the amounts were calculated as well." *Id.*

Defendant's final argument is that counsel was ineffective "because counsel did not explain [the] presentence report." *Id.* at p.8.  The entire supporting argument is: "the attorney did not go over[,] review or explain to me the presentence investigation report to me.  I did not know and understand that I stipulated to what was there and I was not told that at any time.  Counsel also did not object to anything or explain things needed to be objected to regarding the amounts of drugs, my role or any other matter." *Id.*

**II.     Analysis**

    **A.     Standard of Review**

In order to obtain relief under §2255, a petitioner must demonstrate that his sentence "was imposed in violation of the Constitution or laws of the United States, or

---

capitalization in all subsequent quotations in this report and recommendation.

that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law . . . ." 28 U.S.C. §2255(a). If a §2255 petitioner claims constitutional error he "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

In order to make a showing of ineffective assistance of counsel, a petitioner must make two showings. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court need not address both prongs if a petitioner fails to make a sufficient showing on either prong. *See, e.g., United States v. DeGroat*, 102 Fed.Appx. 956, 959 (6th Cir. 2004). Finally, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland*, 466 U.S. at 689.

### B. Waiver Clause Bars First and Fourth Claims for Relief

It is well-settled that "[w]hen a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring[ing] a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255." *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). Nevertheless, a defendant may sometimes bring such a motion pursuant to § 2255 ostensibly in violation of the

waiver provision.

"Sixth Circuit authority . . . has shown that waivers do not always apply categorically." *United States v. Harding*, 2008 WL 4073393, at *20 (E.D.Ky. Aug. 29, 2008). Indeed, the Sixth Circuit has held that "in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel . . . it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).

Even so, not every allegation of ineffective assistance of counsel serves to bar the application of an otherwise valid waiver. Instead, only claims of ineffective assistance of counsel directly related to a plea agreement are not waived. As Magistrate Judge Atkins has explained: "in order to be non-waivable, an ineffective assistance of counsel claim must have some direct relation to the guilty plea, and not merely a vaguely-articulable connection." *United States v. Goree,* 2010 WL 5980621, at *1 (E.D.Ky. Nov. 30, 2010).

The previously quoted portions of the rearraignment hearing clearly demonstrate that defendant was aware of all relevant portions of the plea agreement, including the waiver clause. The plain language of the waiver clause bars defendant from seeking post-conviction collateral relief. The plea agreement accordingly should be enforced because the record compels a conclusion that defendant knowingly and voluntarily waived her right to collaterally attack her guilty plea, conviction and sentence. *See,*

*e.g., United States v. Thompson*, 2009 WL 1917073, at *1 (W.D.Ky. July 1, 2009) ("A valid plea agreement which contains a waiver of the right to seek collateral relief will bar such action, including a §2255 motion attacking a conviction, sentence, or plea. *See Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir.2001) . . . .").

Enforcing the plea agreement does not mean that all of defendant's claims can be summarily dismissed, however, as claims involving alleged ineffective assistance of counsel directly related to the plea agreement are not foreclosed by the waiver clause. *Goree*, 2010 WL 5980621, at *1. Defendant's claims must therefore be analyzed separately to determine which may be foreclosed by the waiver clause.

The heading of defendant's first alleged error is that counsel rushed defendant into accepting a plea agreement. However, the actual body of the argument is really a claim that the drugs at issue were not provided by defendant and the amount of the drugs alleged was incorrect. Therefore, when scrutinized, it is plain that the first claimed error does not directly involve defendant's decision to plead guilty or the validity of the plea agreement itself, meaning that the argument has been waived.[2] Likewise, the fourth claimed error regarding counsel's failure to go over the PSR with defendant and to make objections to the PSR involves post-plea matters and, consequently, is not

---

2  In addition, the one-sentence long claim is fatally terse and conclusory. *See, e.g., Robinson v. United States*, 582 F.Supp.2d 919, 926 (N.D.Ohio 2008) (citing with approval several cases holding that vague and conclusory assertions in a §2255 motion are insufficient to merit relief). Moreover, the argument is directly contrary to defendant's statement under oath to the Court that she had had sufficient time to discuss the charges with her attorney and she was satisfied with her attorney's advice and representation. Doc. 512, p.14. Later during rearraignment, defendant answered in the affirmative when asked by the Court both if she had had sufficient time to read the plea agreement and whether she understood all the provisions of the plea agreement. *Id.* at p.18. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 73 (1977).

directly related to the decision to plead guilty or the validity of the plea agreement itself. As a result, the forth enumerated argument has been waived.[3]

### C. Two Remaining Claims for Relief Contradict the Record and Are Vague/Conclusory

Defendant's second enumerated claim for relief is that her counsel advised her to accept the plea agreement because the next offered plea would have required her to serve an eighteen year sentence. Defendant then vaguely claims that counsel "refused to try to get anything better or relay my concerns to the government." Doc. 485, p.5.

The portion of the claim regarding counsel not trying to get "anything better" and refusing to relay defendant's concerns to the United States is fatally vague and conclusory. Defendant does not posit what "better" offer counsel should have attempted to obtain, nor does defendant even specify what "concerns" counsel should have relayed to the United States. That portion of the second argument, therefore, is insufficient to merit relief. *See, e.g., Robinson*, 582 F.Supp.2d at 926.

The portion of the second claim regarding counsel having allegedly "pressured" defendant to plead guilty is also fatally vague and conclusory as defendant does not specify how counsel applied the purported pressure or what form the alleged pressure took. To the contrary, defendant under oath told the presiding district judge during the rearraignment hearing that she was pleading guilty of her own free will and volition because she was actually guilty of the charged offense. Doc. 512, p.18. Those

---

3 Moreover, the claim is contrary to defendant's oral statements to the Court at sentencing that she had had sufficient time to review and discuss the PSR with counsel and was satisfied with counsel's advice and representation. *See* Doc. 513, p.3. *See Blackledge*, 431 U.S. at 73. In addition, the three-sentence long claim is fatally terse, vague and conclusory. *See, e.g., Robinson*, 582 F.Supp.2d at 926.

statements under oath are fatal to defendant's newfound claims of being pressured. *See Blackledge*, 431 U.S. at 73. In addition, in his affidavit defendant's former counsel denied pressuring defendant into accepting a plea agreement. Doc. 523-1, p.2.

Even if counsel had advised defendant to plead guilty, merely advising a client to plead guilty does not, in and of itself, constitute ineffective assistance of counsel. *See, e.g., United States v. Cronic*, 466 U.S. 648, 657, n.19 (1984) ("And, of course, even when there is a bona fide defense, counsel may still advise his client to plead guilty if that advice falls within the range of reasonable competence under the circumstances."). Because defendant received tangible benefits from pleading guilty, including the inescapable fact that the guilty plea foreclosed the possibility of defendant facing additional charges in Florida, any advice by counsel to plead guilty was not clearly outside the realm of reasonable professional competence. In short, after considering all the facts and circumstances of this case, defendant simply has not met her burden to show that counsel's performance was deficient or that any perceived deficiency caused defendant to suffer demonstrable prejudice.

Defendant's third argument is that counsel did not explain the case or plea offer to her and, consequently, she did not understand the plea. As with the previously discussed claims, this claim is fatally vague and conclusory and directly contradicts defendant's own oral statements to the Court.

First, defendant does not explain what portions of the plea agreement she purportedly did not understand. The claim therefore is fatally vague and conclusory. *See, e.g., Robinson*, 582 F.Supp.2d at 926. Second, defendant answered "[y]es, sir"

9

when asked by the Court during rearraignment if she understood "*all* the provisions included in this plea agreement?" Doc. 512, p.18 (emphasis added). Similarly, the Court orally discussed at length during rearraignment the panoply of rights defendant would be forfeiting by pleading guilty. Doc. 512, p.23-25. Defendant then answered in the affirmative when asked by the Court if she understood the rights she would forfeit by pleading guilty. *Id.* at p. 23, 25. Moreover, as previously discussed, defendant stated during rearraignment that she was satisfied with the representation afforded her by counsel and that counsel had explained the plea agreement to her. *Id.* at p.14. Defendant's claim, therefore, fatally contradicts her statements to the Court.[4] *See Blackledge*, 431 U.S. at 73. Taking into account the facts and the law, therefore, it is clear that defendant is not entitled to relief on her claim that counsel did not spend time explaining the plea agreement, which in turn allegedly caused defendant to not understand the terms of her plea agreement and the attendant rights she would forfeit after pleading guilty.

### III. Conclusion

For the foregoing reasons, defendant's §2255 motion [doc. 485] should be **denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not

---

4 Also, defendant's former counsel avers that he spent "over 1.5 hours . . . discussing the particulars of

"specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 10th day of February, 2014.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge

---

the plea with Ms. Alston." Doc. 523-1, p.2.