UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 11-36-GFVT |
| Plaintiff/Respondent, ) | Civil No. 13-7292-GFVT |
| ) | |
| V. ) | |
| ) | **ORDER** |
| ELISA ALSTON, ) | |
| ) | |
| Defendant/Movant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court pending review of the Report and Recommendation of United States Magistrate J. Gregory Wehrman [R. 543] filed herein on February 10, 2014. Consistent with local practice, the Report and Recommendation addresses Alston's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. The Report and Recommendation concludes that the Petitioner is not entitled to the relief sought because she knowingly waived her rights of collateral attack, and her claims for relief are vague, conclusory, and contradict the record. It also advises the parties that any objections must be filed within fourteen (14) days of service or waive the right to further appeal. [*Id*. at 9.] As of this date, neither of the parties have filed objections or sought an extension of time to do so.

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140,

150 (1985). Parties who fail to object to a Magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and it agrees with the Magistrate Judge's Recommended Disposition. Furthermore, the Court declines to issue a certificate of appealability. The Court determines that reasonable jurists would not find the denial of Alston's § 2255 motion debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Alston has also filed a motion in the record styled as a "Motion for Reconsideration 18 U.S.C. 3742(e) Post Sentencing Rehabilitation Programming." [R. 534]. Alston is correct that if her §2255 petition had been granted and her sentence had been vacated, the Court could have considered her post-sentencing rehabilitation in the course of resentencing. *United States v. Williams*, 687 F.3d 283, 287-88 (6th Cir. 2012) (citing *Pepper v. United States*, 131 S. Ct. 1229, 1236 (2011)). However, as Alston's § 2255 petition is unavailing and there is no cause for a resentencing proceeding, modification of her sentence based on post-sentencing rehabilitation is not appropriate in this case. *See United States v. Clark*, 3:01-CR-178, 2013 WL 841464 (E.D. Tenn. Mar. 6, 2013); *Eaves v. United States*, 4:07-CR-12, 2010 WL 3283018 (E.D. Tenn. Aug. 17, 2010).

Finally, Alston also filed a "Motion to Obtain Sealed Documents for a 2255." [R. 522]. Alston filed this motion three months after she filed her §2255 petition and before the Magistrate's Recommendation was entered. The requested documents include sealed supplements to plea agreements [R. 227, 357], both of which are standard to all criminal defendants and were signed by Alston, as well as a sealed motion to continue Alston's sentencing proceeding and the corresponding motion for leave to seal that motion. [R. 303, 304].

As an initial matter, it is unclear what Alston could have done with these documents since she had already filed her §2255 petition. Further, even if the motion had been timely filed, the Court finds that the requested documents have no possible relevance to Alston's arguments in her §2255 petition and in no way disturb the conclusions of the Magistrate's recommendation. As such, Alston's motion shall be denied.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED**:

1. The Magistrate's Recommended Disposition [R. 543] as to Elisa Alston is **ADOPTED** as and for the Opinion of the Court;

2. Alston's Motion to Vacate, Set Aside, or Correct Sentence [R. 485] is **DENIED;**

3. Alston's Motion for Reconsideration 18 U.S.C. 3742(e) Post Sentencing Rehabilitation Programming [R. 534] is **DENIED**;

4. Motion to Obtain Sealed Documents for a 2255 [R. 522] is **DENIED**; and

3. A Certificate of Appealability is **DENIED**;

4. **JUDGMENT** in favor of the Respondent will be entered contemporaneously herewith and this matter will be **STRICKEN** from the Court's active docket.

This 14th Day of April, 2014.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge